**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIAN SARRO,<br><br>      Petitioner,<br><br>    v.<br><br>WARDEN THOMPSON,<br><br>      Respondent. | Case No. 24–cv–05577–ESK<br><br>OPINION |

**KIEL, U.S.D.J.**

      **THIS MATTER** is before the Court on petitioner Brian Sarro's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.) Respondent Warden Thompson opposes the Petition and argues that it is moot. (ECF No. 5.) For the following reasons, I will dismiss the Petition as moot.

      Petitioner submitted the Petition on April 24, 2024. (ECF No. 1.) He argues that the Bureau of Prisons (Bureau) improperly denied him good time credits that he was entitled to under the First Step Act (Act). (*Id.* p. 3.) He claims Bureau staff at FCI Fort Dix (Fort Dix) changed his Prisoner Assessment Tool Targeting Estimated and Need (PATTERN) score from a low recidivism risk to a medium recidivism risk, making him ineligible for the Act's credits. (*Id.* p. 7.) He further asserts that Fort Dix staff prevented him from accessing the Bureau's administrative remedy program. (*Id.* p. 8.) On May 13, 2024, I ordered respondent to file an answer to the Petition. (ECF No. 4.)

      Respondent filed an answer on June 27, 2024 asking the Court to dismiss the Petition as moot. (ECF No. 5.) It stated that there had been an error calculating petitioner's PATTERN score. (ECF No. 5–1 ¶ 7.) According to respondent, petitioner "was scored with a drug/alcohol history within the past

5 years which led his [PATTERN score] to reflect a drug education need and raised his risk of recidivism to medium, therefore he was unable to apply his earned time credits." (*Id.*) The Bureau "determined [petitioner's] drug history was outside of five years" and corrected his PATTERN score to "reflect[] no drug education need [and] causing his risk of recidivism to be low." (*Id.*) Respondent states that petitioner is now eligible to earn good time credits under the Act. (*Id.* ¶ 8.) Additionally, the Bureau recalculated petitioner's sentence, changing his projected release date from April 12, 2025 January 2, 2025. (*Id.*) Respondent asks the Court to dismiss the Petition as moot as petitioner's PATTERN score has been corrected and his release date adjusted. (ECF No. 1 p. 2.) Petitioner did not submit any response to Respondent's answer.

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). Petitioner has received the relief he requested from the Court: the application of good time credits and the recalculation of his sentence. *See Savage v. Knight*, No. 22–06754, 2023 WL 2816055, at *1 (D.N.J. Mar. 28, 2023) (dismissing petition as moot where Bureau awarded the maximum number of time credits available under the Act). The Court cannot grant petitioner further relief under § 2241 because the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time.[1] *United States v.*

---

[1] In the Petition's request for relief, petitioner asks the Court to award him halfway-house placement pursuant to the Second Chance Act. (ECF No. 1 p. 8.) However, petitioner did not provide any facts that would entitle him to such relief.

2

*Johnson*, 529 U.S. 53 (2000); *DeFoy v. McCullough*, 393 F.3d 439, 442 n. 3 (3d Cir. 2005) ("[T]he length of a term of supervised release cannot be reduced 'by reason of excess time served in prison.'" (quoting *Johnson*)). Accordingly, the § 2241 petition is moot and will be dismissed.

An appropriate Order accompanies this Opinion.

          */s/ Edward S. Kiel*
          **EDWARD S. KIEL**
          **UNITED STATES DISTRICT JUDGE**

Dated: August 12, 2024

---

"[A]rguments raised in passing … but not squarely argued, are considered waived. *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n. 6 (3d Cir. 1997).